# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on July 1, 2026**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :   **CRIMINAL NO.** |
| | : |
| **v.** | : |
| | :   **VIOLATION:** |
| **LANARD ANTHONY CLOYD,** | : |
| | :   **18 U.S.C. § 922(g)(1)** |
| **Defendant.** | :   **(Unlawful Possession of a Firearm and** |
| | :   **Ammunition by a Person Convicted of a** |
| | :   **Crime Punishable by Imprisonment for a** |
| | :   **Term Exceeding One Year)** |
| | : |
| | :   **FORFEITURE:** |
| | :   **18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and** |
| | :   **28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about February 1, 2026, within the District of Columbia, **LANARD ANTHONY CLOYD**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in Prince George's County, Maryland Circuit Court, Criminal Case No. CT030939X, and in D.C. Superior Court, Criminal Case Nos. 2003 FEL 000319 and 1993 FEL 010741, did unlawfully and knowingly receive and possess a firearm and ammunition, that is, a Stoeger, model STR-9, 9mm semiautomatic handgun and 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Stoeger, model STR-9, 9mm semiautomatic handgun and 9mm caliber ammunition.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

JEANINE FERRIS PIRRO                                  A TRUE BILL:
UNITED STATES ATTORNEY


By: *Christine M. Macey*
CHRISTINE M. MACEY                                   FOREPERSON.
Assistant United States Attorney